**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

L.B. and M.R., individually
and as Parents and Natural Guardians of
M.B., a minor,

        Plaintiffs,

v.

CARIBE HILTON
and OLAS SPA,

        Defendants.

_____/

            CIVIL NO:

            **TRIAL BY JURY
            REQUESTED**

## <u>COMPLAINT</u>

**TO THE HONORABLE COURT:**

    **NOW COME THE PLAINTIFFS,** M.B., L.B., and M.R., through their undersigned attorneys, and respectfully allege and pray as follows:

1. This action is for monetary damages brought pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 5141 and 5142.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a), as all Plaintiffs are citizens of a State different from, and diverse to, all the other Defendants in this case, and their claims exceed the requisite jurisdictional amount.

3. Venue for this action lies within the District of Puerto Rico, pursuant to 28 U.S.C. 1391(c), because the claims herein arose on the basis of acts committed by the named defendants within the District of Puerto Rico.

4. At all times material hereto, Plaintiff, M.B., was and is a U.S. citizen, a resident of Lexington, Kentucky, and is otherwise sui juris.

5. At all times material hereto, Plaintiff, L.B., was and is a U.S. citizen, a resident of Lexington, Kentucky, and is otherwise sui juris.

6. At all times material hereto, Plaintiff, M.R., was and is a U.S. citizen, a resident of Lexington, Kentucky, and is otherwise sui juris.

7. At all times material hereto, Plaintiff, M.B., was a minor at eleven years old. Plaintiff, M.B., is still a minor today.

8. Plaintiffs, L.B. and M.R., are the parents and natural guardians of Plaintiff, M.B.

9. At all times material hereto, Defendant, CARIBE HILTON, was and is a for-profit business duly organized under the laws of Puerto Rico and was and is licensed to conduct business activity in the city of San Juan, Puerto Rico.

10. At all times material hereto, Defendant, OLAS SPA, was and is a for-profit business duly organized under the laws of Puerto Rico and was and is licensed to conduct business activity in the city of San Juan, Puerto Rico.

FACTS COMMON TO ALL COUNTS

11. The CARIBE HILTON is located at Los Rosales Street, San Gerónimo Grounds, San Juan, Puerto Rico, and the business was, at all pertinent times, and remains, promoted as a luxury resort hotel, with a full-service spa, among other amenities.

12. Prior to November 20, 2012, Defendant, CARIBE HILTON, otherwise contracted with Defendant, OLAS SPA, to provide massage therapy services to Defendant CARIBE HILTON's guests on its business premises.

13. Prior to November 20, 2012, Defendant, CARIBE HILTON, hired third-party, Jane Doe, to work as a massage therapist to conduct massages for customers in "private treatment rooms" located in its spa facility.

14. Prior to November 20, 2012, Defendant, OLAS SPA, hired third-party, Jane Doe, to work as a massage therapist to conduct massages for customers in "private treatment rooms" located in its spa facility.

15. On or about November 20, 2012, Plaintiff, M.B., presented for a massage at the CARIBE HILTON's on-site spa, OLAS SPA.

16. On or about the aforementioned date, third-party employee, Jane Doe, was assigned by Defendant, OLAS SPA, to conduct the massage.

17. Plaintiff, M.B., did not know Jane Doe prior to arriving.

18. Jane Doe escorted Plaintiff, M.B., to a private massage room, where she instructed Plaintiff, M.B., to disrobe and lay down on a massage table, after which point, she began to conduct a massage on Plaintiff, M.B.

19. During the course of the massage, and without warning or any consent of Plaintiff, M.B., Jane Doe committed acts against Plaintiff, M.B., that constituted crimes under Puerto Rico law, including stroking minor Plaintiff, M.B.'s, penis to the point of ejaculation.

20. Specifically, and without limitation, Jane Doe's actions constituted a battery and/or sexual assault under Puerto Rico law.

<u>COUNT I</u>
<u>NEGLIGENT SELECTION, SUPERVISION AND RETENTION OF DEFENDANT OLAS SPA BY DEFENDANT, CARIBE HILTON</u>
<u>(on behalf of Plaintiff, M.B.)</u>

21. Plaintiff, M.B., re-alleges and incorporates into this Count the Facts Common to All Counts alleged above.

22. Defendant, CARIBE HILTON, had an affirmative duty to its customers and clients, including Plaintiff, M.B., to reasonably screen and investigate the massage therapy company it contracted with or otherwise allowed to operate upon its business premises.

23. Defendant, CARIBE HILTON, breached its duty to Plaintiff, M.B., by not training to prevent, safeguarding against, monitoring for, and otherwise preventing sexual misconduct by employees or agents of Defendant, OLAS SPA.

24. Defendant, CARIBE HILTON, knew or should have known that Defendant, OLAS SPA, employee or agent, Jane Doe, would cause harm to Plaintiff, M.B.

25. As a direct and proximate and foreseeable result of the negligence of the Defendant, CARIBE HILTON, Plaintiff, M.B., suffered pain, including mental pain and suffering and physical pain and suffering, has suffered psychological and emotional damages, has sustained permanent injuries and has required extensive treatment, has incurred medical and related expenses in the treatment of those injuries, and has lost the capacity for the enjoyment of life.

26. The injuries suffered by Plaintiff, M.B., are continuing in nature, and he will continue to suffer pain and emotional damage and permanent injury, and in the future, he will require additional medical care and treatment, will be further compelled to expend great sums of money for medical and/or psychiatric care and treatment for his injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, CARIBE HILTON, for all damages proximately caused by Defendant, CARIBE HILTON's, negligence, costs, and all other damages deemed just and necessary by the Court.

COUNT II
NEGLIGENT HIRING AND SUPERVISION BY
DEFENDANT, CARIBE HILTON
(on behalf of Plaintiff, M.B.)

27. Plaintiff, M.B., re-alleges and incorporates into this Count the Facts Common to All Counts alleged above.

28. Defendant, CARIBE HILTON, had an affirmative duty to its customers and clients, including Plaintiff, M.B., to reasonably screen and investigate the background of applicants for massage therapy jobs at its spa, including Jane Doe, prior to hiring those applicants and providing them access to vulnerable customers and clients in order to prevent harm to said customers and clients, including Plaintiff, M.B.

29. Defendant, CARIBE HILTON, had an affirmative duty to its clients and customers, including Plaintiff, M.B., to supervise its employees, including Jane Doe, in order to prevent harm to its customers and clients.

30. Defendant, CARIBE HILTON, breached its duty to Plaintiff, M.B., by not safeguarding against, monitoring for, and otherwise preventing sexual misconduct by its employees, including Jane Doe, by failing to reasonably and properly investigate Jane Doe's background prior to hiring her to conduct massages on its customers and clients, including M.B., and failing to properly supervise Jane Doe during her employment with Defendant, CARIBE HILTON.

31. Defendant, CARIBE HILTON, knew or should have known that its employee, Jane Doe, would cause harm to Plaintiff, M.B.

32. As a direct and proximate and foreseeable result of the negligence of the Defendant, CARIBE HILTON, Plaintiff, M.B., suffered pain, including mental pain and suffering and physical pain and suffering, has suffered psychological and emotional damages, has sustained permanent injuries and has required extensive treatment, has incurred medical and

related expenses in the treatment of those injuries, and has lost the capacity for the enjoyment of life.

33. The injuries suffered by Plaintiff, M.B., are continuing in nature, and he will continue to suffer pain and emotional damage and permanent injury, and in the future, he will require additional medical care and treatment, will be further compelled to expend great sums of money for medical and/or psychiatric care and treatment for his injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, CARIBE HILTON, for all damages proximately caused by Defendant, CARIBE HILTON's, negligence, costs, and all other damages deemed just and necessary by the Court.

## COUNT III
## NEGLIGENCE BY DEFENDANT, CARIBE HILTON
### (on behalf of Plaintiff, M.B.)

34. Plaintiff, M.B., re-alleges and incorporates into this Count the Facts Common to All Counts alleged above.

35. Defendant, CARIBE HILTON, owed to its customers or clients, including Plaintiff, M.B., the duty to exercise ordinary care for their safety while those customers or clients attended its spa and to act affirmatively to protect its customers or clients from known or potential harm.

36. Defendant, CARIBE HILTON, breached its duties to Plaintiff, M.B., by not safeguarding against, monitoring for, and otherwise preventing sexual misconduct conduct by its employees, including Jane Doe.

37.   As a direct and proximate and foreseeable result of the negligence of the Defendant, CARIBE HILTON, Plaintiff, M.B., suffered pain, including mental pain and suffering and physical pain and suffering, has suffered psychological and emotional damages, has sustained permanent injuries and has required extensive treatment, has incurred medical and related expenses in the treatment of those injuries, and has lost the capacity for the enjoyment of life.

38.   The injuries suffered by Plaintiff, M.B., are continuing in nature, he will continue to suffer pain and emotional damage and permanent injury and, in the future, will require additional medical care and treatment, and will be further compelled to expend great sums of money for medical and/or psychiatric care and treatment for his injuries, and he will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, CARIBE HILTON, for all damages proximately caused by Defendant, CARIBE HILTON's, negligence, costs, and all other damages deemed just and necessary by the Court.

<u>COUNT IV</u>
<u>VICARIOUS LIABILITY OF DEFENDANT, CARIBE HILTON</u>
<u>(on behalf of Plaintiff, M.B.)</u>

39.   Plaintiff, M.B., re-alleges and incorporates into this Count the Facts Common to All Counts alleged above.

40.   At all times material hereto, Jane Doe was an employee of Defendant, CARIBE HILTON, who inflicted unwarranted sexual conduct on Plaintiff, M.B., while acting within the course and scope of her employment and/or agency with the Defendant, CARIBE HILTON.

41. At all times material hereto, the Defendant, CARIBE HILTON, was responsible and vicariously liable for the negligent acts or omissions of its employees or agents acting within the course and scope of their employment or agency, including Jane Doe.

42. As a direct and proximate and foreseeable result of Jane Doe's misconduct, Plaintiff, M.B., suffered pain, including mental pain and suffering and physical pain and suffering, has suffered psychological and emotional damages, has sustained permanent injuries and has required extensive treatment, has incurred medical and related expenses in the treatment of those injuries, and has lost the capacity for the enjoyment of life.

43. The injuries suffered by Plaintiff, M.B., are continuing in nature, he will continue to suffer pain and emotional damage and permanent injury and, in the future, will require additional medical care and treatment, and will be further compelled to expend great sums of money for medical and/or psychiatric care and treatment for his injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, CARIBE HILTON, for all damages proximately caused by the acts of Jane Doe, costs, and all other damages deemed just and necessary by the Court.

<u>COUNT V</u>
<u>NEGLIGENT HIRING AND SUPERVISION BY</u>
<u>DEFENDANT, OLAS SPA</u>
<u>(on behalf of Plaintiff, M.B.)</u>

44. Plaintiff, M.B., re-alleges and incorporates into this Count the Facts Common to All Counts alleged above.

45. Defendant, OLAS SPA, had an affirmative duty to its customers and clients, including Plaintiff, M.B., to reasonably screen and investigate the background of applicants

for massage therapy jobs at its spa, including Jane Doe, prior to hiring those applicants and providing them access to vulnerable customers and clients in order to prevent harm to said customers and clients, including Plaintiff, M.B.

46.    Defendant, OLAS SPA, had an affirmative duty to its clients and customers, including Plaintiff, M.B., to supervise its employees, including Jane Doe, in order to prevent harm to its customers and clients.

47.    Defendant, OLAS SPA, breached its duty to Plaintiff, M.B., by not safeguarding against, monitoring for, and otherwise preventing sexual misconduct by its employees, including Jane Doe, by failing to reasonably and properly investigate Jane Doe's background prior to hiring her to conduct massages on its customers and clients, including M.B., and failing to properly supervise Jane Doe during her employment with Defendant, OLAS SPA.

48.    Defendant, OLAS SPA, knew or should have known that its employee, Jane Doe, would cause harm to Plaintiff, M.B.

49.    As a direct and proximate and foreseeable result of the negligence of the Defendant, OLAS SPA, Plaintiff, M.B., suffered pain, including mental pain and suffering and physical pain and suffering, has suffered psychological and emotional damages, has sustained permanent injuries and has required extensive treatment, has incurred medical and related expenses in the treatment of those injuries, and has lost the capacity for the enjoyment of life.

50.    The injuries suffered by Plaintiff, M.B., are continuing in nature, and he will continue to suffer pain and emotional damage and permanent injury, and in the future, he will require additional medical care and treatment, will be further compelled to expend great sums of money for medical and/or psychiatric care and treatment for his injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, OLAS SPA, for all damages proximately caused by Defendant, OLAS SPA's, negligence, costs, and all other damages deemed just and necessary by the Court.

COUNT VI
NEGLIGENCE BY DEFENDANT, OLAS SPA
(on behalf of Plaintiff, M.B.)

51.   Plaintiff, M.B., re-alleges and incorporates into this Count the Facts Common to All Counts alleged above.

52.   Defendant, OLAS SPA, owed its customers or clients, including Plaintiff, M.B., the duty to exercise ordinary care for their safety while a customer or client attended its spa and to act affirmatively to protect its customers or clients from known or potential harm.

53.   Defendant, OLAS SPA, breached its duties to Plaintiff, M.B., by not safeguarding against, monitoring for, and otherwise preventing sexual misconduct conduct by its employees, including Jane Doe.

54.   As a direct and proximate and foreseeable result of the negligence of the Defendant, OLAS SPA, Plaintiff, M.B., suffered pain, including mental pain and suffering and physical pain and suffering, has suffered psychological and emotional damages, has sustained permanent injuries and has required extensive treatment, has incurred medical and related expenses in the treatment of those injuries, and has lost the capacity for the enjoyment of life.

55.   The injuries suffered by Plaintiff, M.B., are continuing in nature, he will continue to suffer pain and emotional damage and permanent injury and, in the future, will require additional medical care and treatment, and will be further compelled to expend great sums of money for medical and/or psychiatric care and treatment for his injuries, and he will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, OLAS SPA, for all damages proximately caused by Defendant, OLAS SPA's, negligence, costs, and all other damages deemed just and necessary by the Court.

### COUNT VII
### VICARIOUS LIABILITY OF DEFENDANT, OLAS SPA
(on behalf of Plaintiff, M.B.)

56.   Plaintiff, M.B., re-alleges and incorporates into this Count the Facts Common to All Counts alleged above.

57.   At all times material hereto, Jane Doe was an employee of Defendant, OLAS SPA, who inflicted unwarranted sexual conduct on Plaintiff, M.B., while acting within the course and scope of her employment and/or agency with the Defendant, OLAS SPA.

58.   At all times material hereto, the Defendant, OLAS SPA, was responsible and vicariously liable for the negligent acts or omissions of its employees or agents acting within the course and scope of their employment or agency, including Jane Doe.

59.   As a direct and proximate and foreseeable result of Jane Doe's misconduct, Plaintiff, M.B., suffered pain, including mental pain and suffering and physical pain and suffering, has suffered psychological and emotional damages, has sustained permanent injuries and has required extensive treatment, has incurred medical and related expenses in the treatment of those injuries, and has lost the capacity for the enjoyment of life.

60.   The injuries suffered by Plaintiff, M.B., are continuing in nature, he will continue to suffer pain and emotional damage and permanent injury and, in the future, will require additional medical care and treatment, and will be further compelled to expend great sums of

money for medical and/or psychiatric care and treatment for his injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, M.B., demands judgment against Defendant, OLAS SPA, for all damages proximately caused by the acts of Jane Doe, costs, and all other damages deemed just and necessary by the Court.

**WHEREFORE**, Plaintiffs request the following relief, jointly and severally, against all Defendants:

      a.      Compensatory damages of no less than $1,000.000.00;

      b.      Damages for medical and related expenses according to proof;

      c.      Reasonable attorneys' fees and costs;

      d.      Prejudgment interest; and

      e.      Such other relief as the Court may deem just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 31st day of July 2018.

> s/Andrés W. López, Esq.
> Andrés W. López, Esq.
> USDC No. 215311
> THE LAW OFFICES OF
> ANDRÉS W. LÓPEZ, P.S.C.
> P.O. Box 13909
> San Juan, PR 00908
> Telephone: (787) 294-9508
> Facsimile: (787) 294-9519
> Email: andres@awllaw.com
>
> s/ Chelsie M.  Lamie, Esq.
> Chelsie M. Lamie, Esquire
> *(Pro Hac Vice Application to be Submitted)*

PERSONAL INJURY LAW OFFICE OF
CHELSIE M. LAMIE, P.A.
801 Main Street, Suite 2
Safety Harbor, Florida 34695
Telephone: (727) 501-3464
Facsimile:  (727) 614-9136
Service@chelsielamie.com

*Attorneys for Plaintiffs*