# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LOUIS BOGRAD, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HILTON INTERNATIONAL OF PUERTO RICO, INC., et al.**<br><br>**Defendants.** | **CIVIL NO. 18-1542 (PAD)** |

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Claiming that their son M.B., an eleven-year-old minor, was victim of battery and/or sexual assault during a massage session at the Caribe Hilton Hotel's on-site spa in Puerto Rico, Louis Bograd and Marion Rust sued Hilton International of Puerto Rico and two entities related to the spa (collectively "Zen Spa") for damages under Puerto Rico's general tort statute and its vicarious liability component, respectively, Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141, 5142 (Docket Nos. 1, 3).[1] In turn, Zen Spa moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No.23). For the reasons explained below, albeit unopposed, Zen Spa's motion is DENIED.[2]

---

[1] The names of the adults were not included in the complaint. Their initials appear in lieu of their names. Local Civ.R. 5.2 allows for the restrictions on personal identifiers in filings of the following personal data identifiers from all pleadings filed with the court, including exhibits: (1) social security numbers; (2) names of minor children; (3) dates of birth; (4) financial account numbers; and (5) home address. Name of adults are not included amongst the personal data identifiers and plaintiffs provided no reason to allow for redaction of their names. The name of the adults, however, were included in the extra judicial claim served upon defendants and attached to the motions to dismiss. The court will refer to the adults by their full names and protect the identity of the minor using his initials.

[2] Zen Spa's submission does not comply with Local Civ.R. 5.2, for it includes exhibits with the minor's name, social security number, and date of birth. Although not a cause for denying the motion here, the Clerk is instructed to limit access to those documents under the "Parties Only" restriction of CM-ECF. Attorneys are forewarned that any further filing including personal identifiers, shall strictly comply with Local Civ.R. 5.2. Otherwise, sanctions may be imposed, as they would be revealing information otherwise protected by the rules involving a minor.

## I.    STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief. See, Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014)(examining standard); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013)(same). A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, separating "factual allegations (which must be accepted as true) from … conclusory legal allegations (which need not be credited)." García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

Should the factual content holistically permit the court to reasonably infer "that the defendant is liable for the misconduct alleged," dismissal is not appropriate. Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). If the factual allegations are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010). This inquiry "does not demand a high degree of factual specificity." García-Catalán, 734 F.3d at 103.

Sufficiency may be found even if a plaintiff has not alleged every fact necessary to win at trial or to successfully resist summary judgment. See, Rodríguez-Vives, 743 F.3d at 283(addressing topic). Even so, the complaint must contain more than "a rote recital of the elements of a cause of action." Rodríguez-Reyes, 711 F.3d at 53. All reasonable inferences must be drawn in "the pleader's favor." Id. at 52-53. The "mere fact that a motion to dismiss is unopposed does not relieve the court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnación v. Babilonia, 344 F. 3d 37, 41 (1st Cir. 2003). Failure to respond to a motion to dismiss "does not warrant dismissal

irrespective of substantive merit." Pinto v. Universidad de Puerto Rico, 895 F.2d 18 (1st Cir. 1990).

## I. DISCUSSION

### A. Timeliness.

Zen Spa contends the action is untimely (Docket No. 23, pp. 1, 3-6). Timeliness is an affirmative defense that "may be raised in a motion to dismiss provided the facts establishing the defense are clear on the face of the plaintiffs' pleadings." Smith v. Condado Duo La Concha SPV, LLC., 140 F.Supp.3d 213 (D.P.R. 2015)(citing Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113-114 (1st Cir.2009). Dismissal is appropriate when the allegations show that the passage of time between events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, and the complaint fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations. Smith, 140 F.Supp.3d at 213-214 (citing Abdallah v. Bain Capital, LLC, 752 F.3d 114, 119 (1st Cir.2014)).

In Puerto Rico, actions based on Articles 1802 and 1803 are subject to the one-year statute of limitations set in Article 1868 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5298. See, Tokyo Marine and Fire Ins. Co. v. Pérez & Cia., 142 F.3d 1, 3 (1st Cir. 1998)(discussing topic); Greenberg v. Casellas-Olivieri, 2008 WL 11357920, *3 (D.P.R. Sept. 25, 2008)(similar). That period begins to run "one day after the date of accrual." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 9 (1st Cir. 2005).

A claim accrues "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine and Fire Ins. Co., 142 F.3d at 3. Actual knowledge is not required where, "by due diligence, such knowledge would likely have been acquired." Villarini-García v. Hospital del Maestro, Inc., 8 F.3d 81, 85 (1st Cir.1993). Once a

plaintiff is on notice of the injury, "the plaintiff may not wait for his [or her] injury to reach its final degree of development and postpone the running of the period of limitation according to his [or her] subjective appraisal and judgment." Rodríguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997).

Zen Spa maintains that the events leading to the filing of the complaint allegedly occurred on November 22, 2012 (Docket No. 23, p. 5). According to a letter to Zen Spa, Inc. (Docket No. 23-1. p. 4), the minor disclosed the alleged incident to his parents on December 1, 2015. So Zen Spa posits that taking this as true, the statute of limitations began to run on that date (Docket No. 23, p. 5). It states that on November 7, 2016, plaintiffs' attorney sent to defendants an extrajudicial claim that interrupted the running of the limitations period. Id. at 6. But it points out that the next communication addressed to defendants was allegedly received by them on October 12, 2018, more than a year after the first extrajudicial claim. Id.

Pursuant to Article 1873 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5303, running of the limitations period set in Article 1868 may be interrupted or tolled by institution of the corresponding action in court, an extrajudicial claim of the creditor or acknowledgment of the debt by the debtor. See, Tokyo Marine & Fire Ins., 142 F.3d at 4 (addressing issue). In case of extrajudicial claims, timely interruption causes the limitation period "to run anew for another year in full." Rodríguez-Narvaez v. Nazario, 895 F.2d 38, 45 (1st Cir. 1990).[3]

From this perspective, any claim corresponding to M.P.'s parents is time-barred. They had until one year after receipt of the letter of November 6, 2016 to move forward with a judicial or

---

[3] For tolling to occur, the alleged debtor must receive the extrajudicial claim. See, Kery v. American Airlines, 931 F.Supp. 947, 951 (D.P.R. 1995)(articulating and applying formulation). It has been observed this requires that the claim timely arrive at its destiny. Id.

extrajudicial claim or by way of the acknowledgment method to restart tolling. From the record, however, they did not do so. The next relevant event was filing of the complaint "on behalf of" M.B more than a year later in August 2018 (Docket No. 1).[4] By that date, the statute of limitations had expired, extinguishing "the right of the injured person" to recovery. Kery, 931 F.Supp. at 951. Yet at the end of the day, the status of the parents' claims is inconsequential, for M.B.'s claims were timely brought to court.

In Puerto Rico, the one-year statute of limitations does not begin to run against minors until they reach the age of majority. See, P.R. Laws Ann. tit. 32 § 254 (setting forth rule). Majority is reached at age 21. See, Article 247 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 971 (so stating). M.B. was eleven years of age at the time of the alleged incident in 2012 (Docket No. 3 at ¶ 7). Further, he was still a minor when the extrajudicial claim was made in 2016. And so too when the complaint was filed in 2018. Hence, Zen Spa's request for dismissal of the action on timeliness grounds must be denied.

### B. Benefit for Business.

Zen Spa asserts that the acts performed by the employee –identified by a fictitious name– were criminal, not in benefit of the business and, as such, must be dismissed pursuant to the Puerto Rico Supreme Court's decision in Hernández-Vélez v. Televicentro de Puerto Rico, 168 D.P.R.

---

[4] The captions of the Complaint and of the Amended Complaint include the initials of M.B.'s parents (individually and as parents and natural guardians of M.B.)(Docket Nos. 1 and 3), but the damages claims are made on behalf of M.B. See, Docket No. 3, p. 4 (Count I on behalf of Plaintiff, M.B. and wherefore on page 5 where "plaintiff, M.B., demands judgment…."); Id. at p. 5 (Count II on behalf of Plaintiff, M.B. and wherefore on p. 6 where "Plaintiff, M.B., demands judgment…"); Id. at p. 6 (Count III on behalf of Plaintiff, M.B. and wherefore on p. 7 where "Plaintiff, M.B., demands judgment…"); Id. at p. 7 (Count IV on behalf of Plaintiff, M.B. and wherefore on p. 8 where "Plaintiff, M.B., demands judgment…"); Id. at p. 8 (Count V on behalf of Plaintiff, M.B. and wherefore on p. 10 where "Plaintiff, M.B., demands judgment…"); Id. at p. 10 (Count VI on behalf of Plaintiff, M.B. and wherefore on p. 11 where "Plaintiff, M.B., demands judgment…"); Id. at p. 11 (Count VII on behalf of Plaintiff, M.B. and wherefore on p. 12 where "Plaintiff, M.B., demands judgment…").

803 (2006) (Docket No. 23 at pp. 1-2, 6-8).[5] But it does not refer the court to any caselaw in support of the proposition that cases with settings identical or similar to the one here may be dismissed under Televicentro under Fed.R.Civ.P. 12(b)(6). See, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones"). On this basis, dismissal based on Televicentro at this stage of the proceedings must be denied.

## II. CONCLUSION

For the reasons stated, Zen Spa's "Motion to Dismiss" (Docket No. 23) is DENIED. The parties are reminded of the deadlines set in the court's Case Management Order at Docket No. 22.

**SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of May, 2019.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[5] The complaint alleges that on or about November 20, 2012, M.B. went for a massage at the Caribe Hilton's on-site spa, OLAS Spa (Docket No. 3 at ¶ 15). Jane Done, who is identified as a "third-party employee" was assigned to conduct the massage. Id. at ¶ 16. She escorted M.B. to a private massage room, where she instructed him to disrobe and lay down on the massage table, after which point, she began to conduct a massage on M.B. Id. at ¶ 18. During the course of the massage, and without warning or any consent of M.B., Jane Doe committed "acts against him that constituted "crimes under Puerto Rico law," including stroking minor [M.B.]'s penis to the point of ejaculation." Id. at ¶ 19.